IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GERALD LEE LYNCH, JR.,

                Plaintiff,                                  ORDER

   v.

                                                         14-cv-463-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,[1]

                Defendant.

---

      Pro se prisoner Gerald Lynch filed a proposed complaint in which he alleged that the Commissioner of Social Security violated his due process rights by reducing the amount of his disability insurance benefits to offset an earlier social security payment that he received. Dkt. 1. I screened plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, and construed his suit as one seeking judicial review of the Commissioner's decision under 42 U.S.C. § 405(g). Dkt. 18. The United States Marshal served the Commissioner, who answered plaintiff's complaint on March 4, 2015. The Commissioner filed a transcript of the proceedings below, and the court set a briefing schedule.

      About two weeks after the briefing schedule was set, plaintiff sent a letter to the clerk's office regarding his opening brief, which is due on May 4, 2015. Plaintiff confirms that he has received the hearing transcript, but indicates that he does not plan to submit an opening brief. Dkt. 33. Instead, plaintiff proposes to wait until the Commissioner files her brief in opposition and then "attempt to respond accordingly." *Id.*

      Plaintiff's proposed approach is not adequate. Plaintiff alleges that the Commissioner wrongfully reduced his disability insurance benefit payments after finding that he had received

---

[1] I have updated the caption in this case to name Carolyn W. Colvin, the acting Commissioner of the Social Security Administration, as the defendant.

and cashed an earlier check for supplemental security income. Plaintiff is free to challenge this finding under § 405(g), but he must articulate reasons for why he believes it was wrong.

Plaintiff is proceeding pro se, and will therefore be held to somewhat less stringent standards than a counseled litigant would be. But it is not the Commissioner's responsibility to research and construct legal arguments for him. *See Rucker v. Gloe*, 432 F. App'x 631, 633 (7th Cir. 2011) (explaining that the court "will not manufacture or research legal arguments for litigants, even those who proceed pro se"); *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) ("Even pro se litigants must expect to file a legal argument and some supporting authority. . . . A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority forfeits the point. We will not do his research for him.") (internal citations and quotation marks omitted). Thus, if plaintiff contends that the record does not support the Commissioner's decision regarding his benefit payments, then he must explain why. He cannot wait for the Commissioner to guess what his grounds for remand might be.

Accordingly, IT IS ORDERED that by May 4, 2015, plaintiff Gerald Lynch must file an opening brief in support of his petition to remand this case to the Commissioner. If plaintiff fails to file a timely brief, I will dismiss this case for failure to prosecute.

Entered March 17, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge