IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GERALD LEE LYNCH, JR.,

                Plaintiff,

v.                                                      OPINION & ORDER

CAROLYN W. COLVIN,                                    14-cv-463-jdp
Acting Commissioner of Social Security,

                Defendant.

---

Plaintiff Gerald Lee Lynch, Jr., proceeding pro se, seeks judicial review of a final decision of the commissioner of Social Security concerning plaintiff's application for back disability insurance benefits (DIB). Plaintiff's award of back benefits was offset by previously awarded supplemental security income (SSI) benefits. Plaintiff contends that he never received the SSI, and in fact, was not aware of the SSI application made in his name. The administrative law judge found plaintiff's testimony incredible and concluded that his DIB award was correctly calculated. After reviewing the record, I will affirm the commissioner's decision.

## FACTS

In 2007, plaintiff applied for disability insurance benefits for the period between December 1998 and April 2000. Plaintiff's disability arose from severe leg injuries he suffered after a fall from a third-story balcony in 1992. The Social Security Administration determined that plaintiff was entitled to DIB from June 1999 through June 2000, but reduced the amount of DIB by $4,884 because plaintiff had previously received that amount

in supplemental security income benefits for that time period. Tr. 42. Because of the reduction, plaintiff received only $1,687. *Id*.

Plaintiff requested reconsideration of this decision, which was denied. In the course of corresponding with the agency, plaintiff was informed that records showed that the agency issued him an SSI check in the amount of $6,387[1] on July 13, 2000, to his then-current address, that the check was cashed on July 19, 2000, and that it was now too late to challenge non-receipt of the check because such challenges could only be made within a year of the check's issuance.

Plaintiff sought review by an administrative law judge. At the administrative hearing, Plaintiff testified that he had never applied for SSI in 1999, nor received benefits in 2000. Tr. 154-57, 161-64. The ALJ denied plaintiff's appeal, stating that he did not have standing to appeal because he admitted that he never filed an application for disability in 1998. Tr. 82. The Appeals Council concluded that the ALJ erred in ruling that plaintiff had no standing and remanded for a second hearing.[2] Tr. 91.

---

[1] The government asserts that the offset totaled $4,884 because that was the portion of the previous SSI benefit issued to plaintiff that covered the time period of his later DIB award. Plaintiff does not dispute this calculation.

[2] As part of its decision, the Appeals Council stated, "The administration erroneously determined that on July 19, 2000, someone cashed the check sent to the claimant's address of record and that he did not file a timely report of non-receipt (Exhibits 5 and 8)." Tr. 91. It is unclear to me whether the Appeals Council genuinely made this conclusion or whether this language reflects a typographical error in the course of describing plaintiff's arguments. There is no explanation in the Appeals Council decision about how it came to this conclusion, and that conclusion is somewhat inconsistent with its statement that upon remand, the ALJ should determine whether plaintiff received the correct amount of DIB benefits "after the application of the windfall offset." *Id*. I do not take plaintiff to be pressing an argument that this statement should be considering binding on the remanded proceedings. And in any event, after remand, the Appeals Council upheld the ALJ's findings that plaintiff did receive SSI benefits in 2000 and did not timely raise the issue of non-receipt.

A second ALJ held an abbreviated supplemental hearing and then issued a new decision upholding the agency's previous rulings. In particular, the ALJ concluded that plaintiff received SSI payments during his period of disability and that it was too late for plaintiff to argue that he never received the 2000 SSI check. Tr. 15-17. To the extent that plaintiff sought to toll the year deadline to claim non-receipt of the 2000 SSI check because he was unaware of those proceedings, the ALJ concluded that plaintiff's "assertion that he had no knowledge that [a previous] SSI application had been filed on his behalf [was] . . . wholly incredible." Tr. 15. The ALJ cited the record of plaintiff's 1999 SSI application and found that the claimant's handwriting and signature in that record "appears to be very similar to, and often virtually to, the signature and handwriting contained in [plaintiff's] current application, request for reconsideration, and request for hearing."[3] *Id*. (citing Supp. Tr. 187, 214). The ALJ also noted that the 1999 SSI record indicated that plaintiff appeared at the hearing in that case with counsel and gave testimony at the hearing. *Id*. The ALJ concluded that plaintiff could not challenge his receipt of the SSI benefits. The ALJ also concluded that the $4,884 reduction in the DIB award was correct, and that plaintiff correctly received $1,687 as a DIB award. Tr. 16-17.

The Appeals Council denied plaintiff's request for further review. Plaintiff now appeals to this court.

---

[3] The 1999 SSI record was submitted by the government as a supplemental filing. Dkt. 48. The ALJ also cited to SSI records for plaintiff dating to 1993, but those records are not part of the record before me. As discussed below, the ALJ's decision is adequately supported by the records of plaintiff's current DIB application and 1999 SSI application.

ANALYSIS

Plaintiff seeks reversal of the ALJ's decision concluding that his DIB award was properly reduced by $4,884 as a result of his earlier SSI benefit. He contends that he never received the SSI check in 2000 and so the DIB award should not be offset by the SSI benefit. Although the ALJ concluded that under 31 U.S.C. § 3702(c),[4] plaintiff's one-year period for raising the issue of non-receipt of the check had passed, plaintiff seeks tolling of that one-year deadline.

I take plaintiff's position at the administrative hearings to be that the time should have been tolled because he was not aware of the SSI check, or even the SSI proceedings. For instance, in his request for Appellate Council review of the second administrative decision, plaintiff stated "I NEVER 'appeared personally' or 'testified' at any hearing held on May 11, 2000!" Tr. 8. Neither party presents authority on this point, but it stands to reason that the one-year deadline to raise the issue of non-receipt of the earlier benefits *could* be tolled if plaintiff had convinced the ALJ that the SSI proceedings had somehow taken place without plaintiff's knowledge or involvement.

But it is highly implausible to suggest that plaintiff was not involved in the SSI proceedings, and there was no evidence to corroborate plaintiff's implausible testimony. The ALJ examined documents from the SSI proceedings and noted the similarities in plaintiff's signature and handwriting in those documents to the documents in the DIB proceedings. The ALJ found plaintiff's assertion that he was not involved in those proceedings to be incredible. I must uphold the ALJ's credibility determination unless it is patently wrong. *Stepp v. Colvin*,

---

[4] Section 3702(c)(1) states, "Any claim on account of a Treasury check shall be barred unless it is presented to the agency that authorized the issuance of such check within 1 year after the date of issuance of the check . . . ."

795 F.3d 711, 720 (7th Cir. 2015). The ALJ was not wrong. In fact, once plaintiff received the records of the SSI proceeding, he conceded that he "indeed was the one responsible for initiating the application process." Dkt. 51, at 3. Given his involvement in the prior SSI proceedings, plaintiff does not raise a plausible argument for why the one-year time limit for raising non-receipt of the SSI check should be tolled.[5]

This leaves only plaintiff's arguments about how this court should review the ALJ's decision given that the microfilm copy of plaintiff's SSI check was destroyed. Plaintiff contends that the destruction of this record "deprived [him] of his fundamental constitutional rights under the First, Fifth and Fourteenth Amendments to the United States Constitution." Dkt. 38, at 2. But plaintiff does not develop this argument in any meaningful way, and I am aware of no authority stating that the government violates a citizen's constitutional rights by purging its files of old, duplicative data,[6] or by failing to retain a 100-percent-complete version of the historical record for administrative purposes. Nor does plaintiff explain why it is the government's fault that the microfilm was destroyed when it was plaintiff who failed to present a timely challenge to his alleged non-receipt of the check.

---

[5] Plaintiff blames the confusion over his participation in the SSI proceedings on the government's failure to promptly provide him with records of those proceedings, and states that this "gave [the ALJ] an impression that claimant's testimony was not to be believed." Dkt. 51, at 3. He appears to have gained some sense of satisfaction from "get[ting] to the bottom of, you know, the whole thing really, you know, as far as who initiated this. . . . That has finally been accomplished!" *Id*. (internal quotations and citation omitted). Although it is likely that some of this litigation could have been avoided by plaintiff being provided with the SSI records sooner (for instance, by confronting him with his signatures in the SSI documents before or at the first ALJ hearing in his DIB case), plaintiff shoulders most of the blame for this confusion, by assertively contending that he was not involved in the SSI proceedings when he actually was. It is difficult to believe that plaintiff honestly failed to remember participating in those proceedings.

[6] The government retained records showing the check's number, date of issuance, and date cashed, and showing plaintiff as the recipient. Tr. 55.

Plaintiff suggests that "without the microfilm copy of the check, the ALJ decision was not based on substantial facts. It was based upon an incomplete record." Dkt. 38, at 2. I agree that the record is incomplete without a copy of the check itself,[7] but that does not mean that the ALJ's decision was factually unsound. As plaintiff alludes to, the ALJ's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Although a mere scintilla of proof will not suffice to uphold the SSA's findings, the standard of substantial evidence requires no more than 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

I conclude that there was substantial evidence to support the ALJ's decision. The record of the SSI check retained by the government shows that a check for $6,387 was issued on July 13, 2000 to plaintiff, and that the check was cashed on July 19, 2000. Tr. 55. This is sufficient for a "reasonable mind" to accept as adequate to support the ALJ's findings that plaintiff received an SSI check for $6,387. And as I stated above, see supra n.1, plaintiff does not suggest that the ALJ incorrectly calculated how much this check should offset his DIB award. Accordingly, I will affirm the ALJ's findings and dismiss plaintiff's appeal.

---

[7] The electronic version of the SSI check information, Tr. 55, includes a notation stating "Display Check Image," *id.*, which I take to possibly be a link to a scanned image of the check. However, there is no such scanned image in the record before me. Plaintiff mentioned this discrepancy to the ALJ in his 2010 hearing, but does not raise that issue in his briefing here.

ORDER

IT IS ORDERED that the decision of the commissioner of Social Security denying plaintiff Gerald Lee Lynch, Jr.'s request for reconsideration of the calculation of his disability benefits is AFFIRMED and Lynch's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of the defendant and close this case.

Entered July 21, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge